6774

BOURQUIN v. NORTHWESTERN R. R. CO.

1. SECONDARY EVIDENCE—WAY BILL.—A witness who only knows of the contents of a way bill by what was told him by the conductor can not prove its contents as secondary evidence.

2. IBID.—IBID.—When sufficient grounds have not been laid for secondary evidence as to contents of a way bill, witness who has in hand a report based on notations taken from way bill can not refresh his memory thereby as to notations on way bill.

Before KLUGH, J., Clarendon, February, 1907 Affirmed.

Action by E. Bourquin against North Western Railroad Company of South Carolina. From judgment for plaintiff, defendant appeals.

*Mr. Joseph F. Rhame,* for appellant, cites: *Rule of admission of secondary evidence:* 1 Green Ev., Secs. 563, 563b, 563e; 11 Rich., 75, 537; 14 S. C., 588; 47 S. C., 488; 1 Taylor on Ev., Sec. 429; 13 Ency., 1095; 24 S. C., 499; 17 S. C., 587; 61 S. C., 292; 21 How., 175; 7 Pet., 100; 80 Ala., 100; 67 Ala., 290; 21 Ency., 990.

*Messrs. Davis & Weinberg,* contra, cite: *No proper foundation was laid for secondary evidence:* Green on Ev., Secs. 82-85; 55 S. C., 254. *Witness can not refresh memory from memoranda not based on facts known to him:* 76 S. C., 312.

February 27, 1908. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action for damages to the amount of two hundred and ninety-four dollars and twenty-seven cents, alleged to have been sustained as the result of an injury to a printing press while it was in the possession of the defendant as a common carrier.

The plaintiff also claimed the penalty of fifty dollars by reason of the defendant's failure to adjust and pay the said claim within the statutory period.

The jury rendered a verdict in favor of the plaintiff, for the full amount claimed, and the defendant appealed.

The first exception is as follows: "For that his Honor erred in holding and ruling that no sufficient foundation had been laid for the introduction of secondary evidence concerning the contents thereof and notations or entries on the way bill covering the shipment of the freight claimed by plaintiff to have been damaged, and in excluding the testimony of the witness, Wilson, concerning the same."

The testimony failed to show that the witness, Wilson, had any knowledge as to the contents of the way bill, except what had been told him by the conductor, and, of course, this was hearsay.

Furthermore, the appellant has failed to satisfy this Court that there was an abuse of discretion on the part of his Honor, the presiding judge.

The second exception is as follows: "Because J. A. James, conductor of defendant's train, having in hand his report made to defendant, and after stating: 'That is the record I made of this freight in "bad order" and this covers the notations I found on the way bill,' was not permitted to read such writing, nor any part of it, in evidence, and the same was excluded. And it is respectfully submitted that the exclusion of such testimony was error of law."

The presiding judge ruled that the way bill was the best evidence of its contents, and that sufficient foundation had not been laid for the introduction of secondary evidence.

As already stated, we fail to discover error in this ruling.

The third exception is as follows: "For that his Honor erred in declining to allow the witness, James, to refresh his memory for the purpose of testifying on the trial, by

referring to the original report and notes made by him, concerning the condition of the freight alleged to have been damaged when it came into the custody of defendant."

This exception seems to have been taken under a misapprehension. When the witness, James, was on the stand the following took place: "Q. Is that the report you made the general manager? A. Yes, sir. Q. Tell us from what that is—that is the report? Mr. Davis: I object. Let him do it independently of that, if he can. Mr. Rhame: This is to refresh his mind. A. This is a record I made of this freight in bad order and this covers the notations that I found on the way bill. Mr. Davis: I object, and move that that be stricken out. As to what he found on the way bill, the way bill is the best evidence. Court: He may know independently of the paper; he may know by looking at the paper, but the Court has ruled that the way bill must speak for itself. Neither the witness nor the paper can speak for the way bill. A. You don't want me to say anything about what is on that way bill at all? Q. No, sir, you can't say about that; the Court has ruled it out."

It will thus be seen that the presiding judge merely ruled that the way bill was the best evidence, and refused to allow secondary evidence as to its contents.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.